David Abrams, Attorney at Law
305 Broadway, Suite 601
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

_____
                                    )
Adan Sanchez,                       )
                                    )
            Plaintiff,              )
                                    )
      - against -                   )     Index No.:_____
                                    )
Goldens Fresh Market Inc. &         )
Rancho Grande Inc.                  )
                                    )
                                    )
            Defendants.             )
_____)

## **COMPLAINT**

Plaintiff, complaining of the Defendants by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Introduction**

1.      This is an action for unpaid overtime under the Fair Labor Standards Act and New York Wage & Hour Regulations and for violation of the Family and Medical Leave Act and State Human Rights Law.

**II.     Parties**

2.      Plaintiff Adan Sanchez ("Plaintiff" or "Mr. Sanchez") is a natural person residing in the State of New York, County of Westchester.

3. Defendant Goldens Fresh Market Inc. (the "Primary Employer") is a New York business corporation with a principle place of business in the State of New York, County of Westchester.

4. Defendant Rancho Grande Inc.. (the "Secondary Employer") is a New York business corporation with a principle place of business in the State of New York, County of Westchester.

**III.   Venue & Jurisdiction**

5. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that a substantial part of the events giving rise to the claims herein took place in the Eastern District. Specifically, this action arises from the Plaintiff's employment in New Rochelle, New York.

6. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act and the Family and Medical Leave Act. Further, the remaining claims are part of the same case or controversy.

7. Personal jurisdiction exists over the Primary and Secondary Employers in that this action arises from their activities in New York, specifically the employment of the Plaintiff.

**IV.   Background**

8. The Primary Employer operates a grocery market located in New Rochelle New York at 477 Main Street.

9. The Secondary Employer also operates a grocery market located in New Rochelle, New York; this grocery market is located at 38 Centre Avenue approximately half a mile away from the operations of the Primary Employer.

10. The Primary and Secondary Employers are under joint ownership and control, specifically both are owned and/or controlled by Mr. Hong Seo Park.

11. Mr. Sanchez was employed by the Primary Employer, including any predecessors in interest, as a manager, for approximately 32 years until his discharge from employment in August of 2019.

12. As part of his job duties, Mr. Sanchez regularly performed services for the Secondary Employer as needed. Indeed, the Primary and Secondary employers shared employees, management, and ownership. Thus, Mr. Sanchez was jointly employed by the Primary and Secondary Employers (collectively the "Employer").

13. Mr. Sanchez' terminal rate of pay was $400 per week.

14. Mr. Sanchez regularly worked 6 days per week, 11-12 hours per day but was not paid overtime premiums or spread of hours pay. Indeed, his hourly rate was under the minimum wage.

15. Towards the end of his employment, Mr. Sanchez took ill and was hospitalized for approximately 2 1/2 weeks.

16. Although Mr. Sanchez advised the Employer of his illness and need for time off, the Employer declined to reinstate him to work upon the end of his hospitalization.

[continued on next page]

**V.      Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

17.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

18.     Plaintiff was an employee of the Employer within the meaning of the Fair Labor Standards Act.

19.     The Defendants were employers within the meaning of the Fair Labor Standards Act and subject to the same Act.

20.     More specifically, given the size of the Defendants' operations, their total aggregate sales would have been well in excess of $500,000 per year at all times relevant to this Complaint.

21.     Moreover, given the nature of the Defendants' operations, multiple employees handled goods which crossed state lines, for example fruits and vegetables grown outside the State of New York.

22.     The Employer violated the Fair Labor Standards Act in that it did not properly compensate plaintiff for the time he worked.

<u>Count II:      Violation of New York Wage & Hour Law</u>

23.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

24.     Plaintiff was an employee of each Defendant within the meaning of the New York Minimum Wage Act; New York Labor Law and accompanying regulations.

25..    The Employer was an employer within the meaning of the same act and regulations.

26.    The Employer violated the above laws and regulations in that it did not properly compensate Plaintiff for the hours he worked; did not pay overtime premiums; did not pay minimum wage; did not pay spread of hours pay; and did not give proper notifications pursuant to the Wage Theft Prevention Act.

Count III:    Violation of the Family and Medical Leave Act

27.    The allegations contained in the preceding paragraphs are incorporated as if restated herein.

28.    The Defendants are an "employer" within the meaning of 29 U.S.C. Section 2611 in that they maintain at least 50 employees in the aggregate.

29.    At all times relevant to this complaint, Mr. Sanchez was an "eligible employee" within the meaning of 29 U.S.C. Section 2611 in that he was an employee of the Employer who had been employed at least 12 months by the Employer; had been employed for at least 1250 hours by the Employer during the preceding 12 month period; and worked within 75 miles of the 50 or more employees referred to in the preceding paragraphs.

30.    Mr. Sanchez' absence in the summer of 2019 was protected by the Family and Medical Leave Act in that it was occasioned by a serious medical condition as defined by the Family and Medical Leave Act and the Employer was aware of the circumstances of the absence.

31.    The Employer violated the Family and Medical Leave Act in that it did not reinstate Mr. Sanchez upon his return.

### Count IV: Violation of the New York State Human Rights Law

32. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

33. Each Defendant is a covered employer within the meaning of the New York State Human Rights Law in that each is located in New York and employed at least 4 persons at all times relevant to this Complaint.

34. Mr. Sanchez suffered from a disability in that he had an illness which necessitated hospitalization and his absence from work.

35. Defendants violated the New York State Human Rights Law by failing to accommodate Mr. Sanchez' disability by excusing his short absence from work.

WHEREFORE Mr. Sanchez demands judgment against the Employer in the amount of his unpaid compensation and overtime, lost wages, together with liquidated and other multiple damages, costs, fees, interest, and such other and further relief that the Court deems just in a total amount not to exceed $1,000,000.00.

Respectfully submitted,

_____

David Abrams
 Attorney for Plaintiff
Sanchez

305 Broadway, Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated: New York, NY
December 8, 2019

6